# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| VINCENT PALOMO,<br><br>          Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, individually and as Director of Corrections, and<br>CAPT. JESSE TUPAZ, individually and as Acting Superintendent,<br><br>          Defendants. | Civil Case No. 04-00013<br><br>**ORDER** |

The Court is in receipt of Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit, Motion for Service of Process by United States Marshal, and Motion for Appointment of Counsel. Plaintiff's application for permission to proceed in forma pauperis is CONDITIONALLY GRANTED pending review of Plaintiff's trust account information. A copy of this Order, the Plaintiff's Consent Form, Instructions for Filing Certificate of Funds and Prisoner's Trust Account Statements, and a Certificate of Funds Form shall be sent by the

1

docket clerk to the prison trust account office where Plaintiff is presently incarcerated. A copy of this Order shall also be sent to all parties involved in this action.

It is now the sole responsibility of the prison to file with the Court, within 30 days of the date of this Order, all required information regarding the prisoner's trust account for the six-month period immediately preceding March 17, 2004, the date of the filing of Plaintiff's complaint in this Court. Failure of the prison to comply with the instructions of this Court will not adversely affect the prisoner's complaint, but will delay its resolution.

After submission of the trust account information, the Court will determine if Plaintiff has sufficient funds to pay the filing fee in one payment or in numerous payments and the amount of the initial and subsequent payments.

Since the Court conditionally grants Plaintiff's application to proceed in forma pauperis, Plaintiff's Motion for Service of Process by United States Marshal is ORDERED GRANTED. See FED. R. CIV. P. 4(c)(2). The summons and complaint shall be personally served upon Defendants no later than 120 days from Plaintiff's March 17, 2004, filing of the complaint.

As for Plaintiff's Motion for Appointment of Counsel, district courts have the discretion to appoint counsel to represent an indigent civil litigant, pursuant to 28 U.S.C. § 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Only in "exceptional circumstances" may counsel be designated under section 1915(d). Id. To determine the existence of exceptional circumstances, courts must evaluate both "'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Id. (quoting Weygandt v. Look, 718 F.2d 952, 954

2

(9th Cir. 1983)). Here, for purposes of this motion, Plaintiff has not demonstrated a likelihood of success on the merits. Also, Plaintiff's filings indicate an understanding of the issues, as well as an ability to articulate his position. Therefore, Plaintiff's Motion for Appointment of Counsel is ORDERED DENIED.

SO ORDERED this 10th day of May, 2004.

/s/ Joaquin V.E. Manibusan
JOAQUIN V.E. MANIBUSAN
**Magistrate Judge**

3