# CERTIFICATE OF FUNDS
# PRISON TRUST ACCOUNT

**Prisoner's Name:** Vincent Palomo
**Registration #:** _____

**DATE OF FILING Complaint/Petition:** March 17, 2004

To be completed by authorized Prison Official:

BALANCE at time of filing of the
Complaint/Petition:                                $ ___182.45___

AVERAGE MONTHLY DEPOSITS
during the six months prior to
filing of the Complaint/Petition:                  $ ___100.00___

AVERAGE MONTHLY BALANCE
during the six months prior to
filing of the Complaint/Petition:                  $ ___214.45___

BALANCE as of this date:                           $ ___182.45___

I certify that the above information accurately reflects the deposits and balances in the prisoner's trust account for the period shown and that the attached prisoner trust account statements or ledger sheets are true copies of account records maintained in the ordinary course of business.

DATE: MAY 24 2004

AUTHORIZED SIGNATURE: _____
Please print or type name below:

MAJOR FRANCISCO B. CRISOSTOMO

TITLE: Superintendent (Warden)

Please return this form directly to:

Clerk's Office
U.S. District Court of Guam
4th Floor, U.S. Courthouse
520 W. Soledad Avenue
Hagatna, Guam  96910

**ATTACHMENT H**

NAME: Palermo Paul Vincent  SS# 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  UNIT: #

## ACCOUNT LEDGER

| Date | Receipt Number | Deposit | Total Balance | Purchase #1 | Purchase #2 | Purchase #3 | Purchase #4 | New Balance |
|---|---|---|---|---|---|---|---|---|
| APR 16 2004 | | | 246.80 | - 15.90 = 188.90 | - | - | - | 188.90 |
| APR 17 2004 | | | 188.90 | - 15.55 = 183.35 | - | - | - | 183.35 |
| APR 22 2004 | | | 183.35 | - 6.20 = 179.15 | - | - | - | 179.15 |
| APR 27 2004 | | | 179.15 | - 9.80 = 269.14 | - | - | - | 269.14 |
| APR 30 2004 | | | 269.14 | - 9.80 = 23.24 | - | - | - | 23.24 |
| MAY 08 2004 | | | 23.24 | - 28.14 = 212 | - | - | - | 212 |
| MAY 18 2004 | | | 212 | - 9.65 = 202.34 | - | - | - | 202.34 |
| MAY 22 2004 | | | 202.34 | - 18.90 = 183.48 | - | - | - | 183.48 |

Case 1:04-cv-00013   Document 10   Filed 05/26/2004   Page 2 of 9

1  Vincent Palomo
   P.O. Box 3236
2  Hagåtña, Guam 96932

3  pro se

FILED
DISTRICT COURT OF GUAM
MAR 17 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

7  VINCENT PALOMO,                           Civil Case No. 04-00013

8        Plaintiff,

9     vs.

10 FRANK ISHIZAKI, individually and as        CONSENT TO THE RELEASE OF
   Director of Corrections; &                 TRUST ACCOUNT INFORMATION
11 CAPT. JESSE TUPAZ, individually and as     AND TO COLLECT FEES FROM
   Acting Superintendent;                     TRUST ACCOUNT

12
        Defendants.
13  _____/

14      I, Vincent Palomo, appearing pro se, hereby consent and authorize the appropriate prison

15  officials:

16  1.      To forward directly to the above Court a certified copy of my prisoner's trust account

17  statement or ledger sheets showing transactions for the six month period immediately preceding the

18  filing of my complaint or notice of appeal and a Certificate of Funds for my prisoner trust account

19  that is to be signed by an authorized official of the institution;

20  2.      To withhold from my prison account and pay to the Court an initial partial payment of 20%

21  of the greater of:

22      a.      The average monthly deposits to my account for the six-month period immediately

23              preceding the filing of my complaint or notice of appeal; or

24      b.      The average monthly balance in my account for the six-month period immediately

25              preceding the filing of my complaint or notice of appeal;

26

27

28              Page 1 of 2

3. To collect from my account on a continuing basis each month, an amount equal to 20% of the preceding month's income. Each time the amount in my account exceeds $10.00, the Trust officer shall forward the interim payment to the Clerk's Office, U.S. District Court of Guam, 4th Floor, U.S. Courthouse, 520 W. Soledad Avenue, Hagåtña, Guam 96910, until such time as my filing fee is paid in full.

By executing this document, I also authorize collection on a continuing basis of any additional fees, costs, and sanctions imposed by the U.S. District Court of Guam.

Dated this 12th day of March, 2004.

*Vincent Palomo*
Vincent Palomo
P.O. Box 3236
Hagåtña, Guam 96932

Palomo v. Ishizaki, et. al.

Page 2 of 2

Consent to the Release of Trust
Account Information And to
Collect Fees from Trust Account

Case 1:04-cv-00013   Document 10   Filed 05/26/2004   Page 4 of 9

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| VINCENT PALOMO,<br><br>     Plaintiff,<br><br> vs.<br><br>FRANK ISHIZAKI, individually and as Director of Corrections, and<br>CAPT. JESSE TUPAZ, individually and as Acting Superintendent,<br><br>     Defendants. | Civil Case No. 04-00013<br><br>**ORDER** |

  The Court is in receipt of Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit, Motion for Service of Process by United States Marshal, and Motion for Appointment of Counsel. Plaintiff's application for permission to proceed in forma pauperis is **CONDITIONALLY GRANTED** pending review of Plaintiff's trust account information. A copy of this Order, the Plaintiff's Consent Form, Instructions for Filing Certificate of Funds and Prisoner's Trust Account Statements, and a Certificate of Funds Form shall be sent by the

1

docket clerk to the prison trust account office where Plaintiff is presently incarcerated. A copy of this Order shall also be sent to all parties involved in this action.

It is now the sole responsibility of the prison to file with the Court, within 30 days of the date of this Order, all required information regarding the prisoner's trust account for the six-month period immediately preceding March 17, 2004, the date of the filing of Plaintiff's complaint in this Court. Failure of the prison to comply with the instructions of this Court will not adversely affect the prisoner's complaint, but will delay its resolution.

After submission of the trust account information, the Court will determine if Plaintiff has sufficient funds to pay the filing fee in one payment or in numerous payments and the amount of the initial and subsequent payments.

Since the Court conditionally grants Plaintiff's application to proceed in forma pauperis, Plaintiff's Motion for Service of Process by United States Marshal is ORDERED GRANTED. See FED. R. CIV. P. 4(c)(2). The summons and complaint shall be personally served upon Defendants no later than 120 days from Plaintiff's March 17, 2004, filing of the complaint.

As for Plaintiff's Motion for Appointment of Counsel, district courts have the discretion to appoint counsel to represent an indigent civil litigant, pursuant to 28 U.S.C. § 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Only in "exceptional circumstances" may counsel be designated under section 1915(d). Id. To determine the existence of exceptional circumstances, courts must evaluate both "'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Id. (quoting Weygandt v. Look, 718 F.2d 952, 954

2

Case 1:04-cv-00013   Document 10   Filed 05/26/2004   Page 6 of 9

(9th Cir. 1983)). Here, for purposes of this motion, Plaintiff has not demonstrated a likelihood of success on the merits. Also, Plaintiff's filings indicate an understanding of the issues, as well as an ability to articulate his position. Therefore, Plaintiff's Motion for Appointment of Counsel is ORDERED DENIED.

SO ORDERED this 10th day of May, 2004.

/s/ Joaquin V.E. Manibusan
JOAQUIN V.E. MANIBUSAN
**Magistrate Judge**

## INSTRUCTIONS FOR FILING CERTIFICATE OF FUNDS AND PRISONER'S TRUST ACCOUNT STATEMENTS

The prisoner shown as the plaintiff or petitioner on the attached Consent Form has filed a civil action in forma pauperis in this Court and owes a filing fee to this Court. Under the Prison Litigation Reform Act, a prisoner filing a civil action in forma pauperis must either pay the full filing fee or obtain from the trust officer of each institution in which the prisoner was confined during the preceding six months, a certified copy of the prisoner's trust account statements or ledger sheets for the six months immediately prior to the filing of the complaint/petition.

Pursuant to the attached Consent Form, the prisoner has authorized release of the above information directly to the Court. The prisoner has also consented and authorized the collection of fees from his prisoner's trust account.

Please file with this Court, no later than 30 days from the date of these instructions, the enclosed Certificate of Funds Form for the above-entitled prisoner, signed by an authorized official of the prison, together with a certified copy of the prisoner's trust account statements or ledger sheets for the six months immediately prior to the filing of the complaint/petition. If the plaintiff/petitioner has not been confined in your institution for the entire six-month period, you must obtain the financial records from all institutions having custody of the plaintiff/petitioner during the six-month period immediately prior to the filing of the complaint/petition.

**ATTACHMENT G**

After the Court has reviewed all of the above documents, you will be receiving an order regarding the amount of the initial partial filing fee and the subsequent installments due to the Court.

MARY L.M. MORAN
Clerk of Court

DATE: MAY 13, 2004    By: *(signature)* Shirlene A. Ishizu
Deputy Clerk

2