



**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
Solicitors Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| VINCENT PALOMO, | Civil Case No. 04-00013 |
| Plaintiff, | |
| vs. | |
| FRANK ISHIZAKI, individually and as Director of Corrections; and Captain JESSE TUPAZ, individually and as Acting Superintendent, | **MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | |

## BACKGROUND

Plaintiff Vincent Palomo is a prisoner presently incarcerated at the Guam Department of Corrections. He instituted the above captioned suit pursuant to 42 USC § 1983 and seeks monetary damages against Defendants. Plaintiff is suing Defendants in their official and individual capacities. The complaint alleges violation of due process and equal protection. Defendants make a special appearance seeking dismissal on the grounds that they are



immune from suit in their official capacities; they have qualified immunity in their individual capacities; and Plaintiff failed to exhaust administrative remedies. Defendants preserve the right to challenge personal jurisdiction because Defendants have not been properly served in either their official or individual capacities.

## ARGUMENT

Under Federal Rule of Civil Procedures (FRCP) 12(b)(6) a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995). The Court must construe the facts alleged in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim. Mc Glinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). Under 28 USC 1915(e)(2) a district court may dismiss an In Forma Pauperis proceeding for frivolousness or maliciousness, if the complaint fails to state a claim for which relief can be granted, or if the plaintiff seeks money from defendants who are immune from such relief. The dismissal may be at any time, before or after service of process and before or after the defendant's answer. *See* Green v. Mc Kaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

### I. Defendants, In Their Official Capacities, Are Immune From This Suit.

The government of Guam is a sovereign and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Where a suit has not been consented to by the government of Guam, dismissal of the action is required. Naming the

Defendants as parties to this complaint does not keep this action from being a suit against the government of Guam. The bar of sovereign immunity cannot be avoided by naming officers and employees of the government as defendants. A suit against employees in their official capacity is essentially a suit against the government. <u>Hutchinson v. United States</u>, 677 F.2d 1322, 1327 (9th Cir 1982). In this case, Plaintiff has not and cannot allege that there is a waiver of sovereign immunity because there is no waiver. Moreover, "... the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." <u>Ngiraingas v. Sanchez</u>, 495 U.S. 182, 193, 110 S.Ct. 1737 (1990); and are not subject to suit under Section 1983. Therefore, dismissal of Defendants in their official capacities is required.

## II. Defendants Are Entitled To Qualified Immunity.

"Government officials performing discretionary functions enjoy qualified immunity from civil damages so long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " <u>F.E. Trotter, Inc. v. Watkins</u>, 869 F.2d 1312, 1314 (9th Cir.1989) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); *see also* <u>Anderson v. Creighton</u>, 483 U.S. 635, 638-39, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987). Prison officials and members of prison disciplinary committees, generally possess qualified immunity from suit. *See* <u>Cleaver v. Saxner</u>, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

The most important purposes served by qualified immunity are, first, that officials should be able to act without undue fear in the performance of their duties. *See* <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 522, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Secondly, defending such litigation diverts the attention and resources of the government and its officials from their

normal duties. These burdens are the reason that qualified immunity is an immunity from suit, not just from trial.

In <u>Anderson</u>, *supra,* the Supreme Court explained that: "... our cases establish that the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." <u>Anderson</u>, 483 U.S. at 639-40, 107 S.Ct. at 3039-40 (citations omitted).

### III. Defendants Have Not Violated Any Clearly Established Constitutional Or Federal Statutory Right.

When a public official raises a qualified immunity defense in a § 1983 lawsuit, the plaintiff bears the burden of establishing (1) "that the defendant's actions violated a federal constitutional or statutory right," and (2) "that the right violated was clearly established at the time of the conduct at issue." <u>Horstkoetter v. Department of Pub. Safety</u>, 159 F.3d 1265, 1277, 1278 (10th Cir.1998) (quotation omitted). *See also* <u>Davis v. Scherer</u>, 468 U.S. 183, 197, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984).

Under 42 USC § 1983, the alleged wrongdoing must involve a deprivation of a federal right committed by a person under state law. In order to state a cognizable claim based upon due process violations, the claim must be within the parameters set forth by the United States Supreme Court in <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293 (1995). In that case the Supreme Court abandoned the methodology in which it had analyzed due process violations within a prison setting since 1983. The <u>Sandin</u> Court held that a state

prison regulation does not create a liberty interest protected by the Due Process Clause merely because it mandates a particular procedure. The Court stated that federal courts must return the focus of prisoner Section 1983 actions toward an examination of the "nature of the deprivation" and away from the particular language of prison regulations. Sandin at 481, 115 S.Ct. 2293.

With respect to the prohibition of the Equal Protection Clause, it "goes no further than the invidious discrimination." FCC v. Beach Communications, Inc, 508 U.S. 307, 316, 113 S.Ct. 2096 (1993) quoting Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 489, 75 S.Ct. 461 (1955). The typical equal protection claim involves singling out members of a suspect class for unequal treatment, but may involve a class of one where plaintiff alleges that he was intentionally treated differently from others similarly situated. A class of one plaintiff must allege there is no rational basis for the difference in treatment. The plaintiff must prove that he has suffered intentional, irrational, and arbitrary discrimination. Village of Willowbrook v. Olech, 528 U.S. 562, 564-65, 120 S.Ct. 1073 (2000). Such a claim is analyzed under a rational basis standard and will not be sustained if there is any set of facts that may be reasonably conceived to justify defendant's acts. McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105 (1961).

A review of the Complaint in this case reveals that Defendants have not violated any of the above stated Constitutional provisions, or any of Plaintiff's federal statutory rights. Plaintiff's First Cause of Action alleges Defendant Tupaz violated Plaintiff's due process rights. The allegations are stated in paragraphs 22 through 35. Essentially, Plaintiff alleges that Defendant Tupaz disapproved the recommendations of the Adjustment Classification committee (ACC) and the facility's clinical psychologist to promote Plaintiff from Maximum Level 3 to Medium Level 1. Plaintiff alleges that the disapproval violates due process. The allegations in the First Cause of Action do not state a cause of action for which relief can be

Page 5
*Memo of Points & Authorities*
District Court of Guam Civil Case No. 04-00013

Lit/Mitchell/PALAMO.P&A//04.0116:sia

Case 1:04-cv-00013  Document 13  Filed 06/03/2004  Page 5 of 12

granted because Defendant Tupaz was under no duty to approve Plaintiff's promotion. Plaintiff has no entitlement, protected by due process, to a particular security classification or eligibility for rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n. 9, S.Ct. 274 (1976). Therefore, the First Cause of Action must be dismissed.

Plaintiff's Second Cause of Action is the same as his First Cause of Action. Therefore, it must be dismissed.

Plaintiff's Third Cause of Action alleges that Defendant Tupaz violated E.O. 97-05 § 4.3. Even if true, violation of an executive order is not cognizable under a Section 1983. The allegations do not indicate that (1) "that the defendant's actions violated a federal constitutional or statutory right," and (2) "that the right violated was clearly established at the time of the conduct at issue." *See* Horstkoetter, *supra* at 1278. Moreover, the Sandin Court held that a state prison regulation does not create a liberty interest protected by the Due Process Clause merely because it mandates a particular procedure. Sandin, *supra* at 481. Therefore, Plaintiff's Third Cause of Action must be dismissed.

The allegations of Plaintiff's Fourth Cause of Action are stated in paragraph 37. Plaintiff alleges that Defendant Ishizaki did not respond to his administrative appeal within the fifteen (15) calendar days required by General Order 97-006 § 27.4. General Order 97-0006 § 27.4 pertains to appeals of ACC recommendations. As Plaintiff noted in footnote 1 of paragraph 37, if the Director does not answer an appeal within 15 days, the appeal becomes moot. Thus, the Director is not required to respond to the appeal. Even if the Director was required to respond to the appeal, his failure to respond would not amount to a violation of a Constitutional or federal statutory right. Under Sandin, *supra*, Plaintiff has not stated a cause

of action for which relief can be granted. Therefore, the Fourth Cause of Action must be dismissed.

Plaintiff's Fifth Cause of Action is almost identical to his Fourth Cause of Action. Therefore, the Fifth Cause of Action must be dismissed.

The allegations stated in Plaintiff's Sixth Cause of Action are stated in paragraphs 36 through 45. In those paragraphs, Plaintiff complains that Defendant Ishizaki did not respond to his various appeals or did not respond the way Plaintiff would like. Plaintiff further alleges that Defendant Ishizaki violated his due process when he failed to correct Defendant Tupaz' due process violations. These allegations do not state a cause of action for which relief can be granted. They do not amount to violation of a Constitutional or federal statutory right. Therefore, the Sixth Cause of Action must be dismissed.

The allegations of Plaintiff's Seventh and Eighth Causes of Action pertain to Defendant Ishizaki and are the same as alleged in the Forth, Fifth and Sixth Causes of Action. They do not state a cause of action for which relief can be granted. They do not amount to violation of a Constitutional or federal statutory right. Therefore, the Seventh and Eighth Causes of Action must be dismissed.

In his Ninth Cause of Action, Plaintiff alleges that Defendant Tupaz denied his right to equal protection of the laws when he invidiously discriminated against Plaintiff in favor of another person with no rational basis for the differentiation in treatment. Plaintiff supports the Ninth Cause of Action with allegations stated in paragraphs 22 and 46 through 53. Paragraph 22 alleges defendant Tupaz disapproved the recommendation of the ACC and indicated that plaintiff will remain in Maximum Custody Level 3. Paragraphs 46 through 48 allege that Defendant Tupaz approved the demotion of another inmate to Medium Custody

Classification Level 1, one step above Maximum Custody Level 3. The other inmate was similarly situated to Plaintiff. Paragraphs 50 through 53 allege that Plaintiff is not a suspect class; that he was intentionally treated differently from others similarly situated; and that there was no rational basis for the difference in treatment.

Plaintiff's allegation that there was no rational basis for the difference in treatment is incorrect. Defendant Tupaz clearly stated a rational basis when he disapproved the ACC recommendation. *See* Plaintiff's Exhibit D which states:

> "REASON: the severity of offense noted and that although the ACC noted past accomplishments as positive. The inmate must recognize that all the justifications did not provide nor the sanctions imposed prevented him from acting out. To promote at the time was not conducive to safety, security and institutional good order. The inmate shall remain at Maximum Level 3."

This statement constitutes a rational basis for the decision not to promote Plaintiff. Since Plaintiff did not allege a suspect class his claim is analyzed under a rational basis standard. It cannot be sustained if there is any set of facts that may be reasonably conceived to justify defendant's acts. McGowan, *supra* at 366. Therefore, Plaintiff's Ninth Cause of Action (Equal Protection) must be dismissed.

Plaintiff's Tenth Cause of Action alleges violations of Executive Order 94-19 when Defendant Tupaz did not approve his promotion from Maximum Custody Level 3. Even if true, the allegation does not constitute a violation of the Constitution or federal statutory right. The Tenth Cause of Action must be dismissed.

Plaintiff's Eleventh Cause of Action alleges that Defendants denied Plaintiff's right to forensic programs without due process of law. Plaintiff has no entitlement, protected by due process, to a particular security classification or eligibility for rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n. 9, S.Ct. 274 (1976). Therefore, the Eleventh Cause of Action must be dismissed.

Page 8
*Memo of Points & Authorities*
District Court of Guam Civil Case No. 04-00013

Lit/Mitchell/PALAMO.P&A//04.0116:sia

Case 1:04-cv-00013   Document 13   Filed 06/03/2004   Page 8 of 12

One cannot infer from Plaintiff's allegations: (1) that any of the defendants' actions violated a federal constitutional or statutory right, and (2) that the right violated was clearly established at the time of the conduct at issue. Therefore, Plaintiff has failed to state a cause of action that pertains to a Constitutional provision or federal law. Defendants are entitled to qualified immunity. The entire complaint must be dismissed for failure to state a cause of action.

## IV. Plaintiff Did Not Exhaust Administrative Remedies.

Having failed to state a cause of action under the U. S. Constitution or federal law, Plaintiff cannot now amend his complaint. He did not exhaust administrative remedies before bringing this suit. Under 42 USC § 1997(e), concerning suits by prisoners, Plaintiff is required to exhaust administrative remedies prior to bringing an action under Section 1983. 42 USC § 1997(e) provides in relevant part:

> *No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.* Id.

In this case, Plaintiff alleges that he exhausted administrative remedies, but did not do so. Plaintiff only alleges that he filed appeals with Defendant Ishizaki. This does not constitute exhaustion of administrative remedies.

The DOC administrative grievance procedure is set forth in chapter 16 of Executive Order 94-19. EO 94-19 § 16.2(D) provides:

> *The complaint and grievance procedure shall follow in sequential steps as follows:*
>
> *(1) Step 1:    Inmate to middle management/section supervisor, parole office or assigned caseworker.*
>
> *(2) Step 2:    Inmate to Prison Security Administrator.*

EO 94-19 § 16.3 provides:

> *REFERRAL OUTSIDE THE DIVISION*
>
> *In the event that a complaint or grievance is not resolved at the section/division level, it shall be referred to the Director for action if so initiated by the inmate. The decision of the Director shall be final.*

There is no indication that Plaintiff exhausted administrative remedies. He did not follow sequential step (1) or (2). He did not submit a complaint or grievance to middle management/section supervisor, parole officer or assigned caseworker. Nor did he submit his complaint or grievance to the Prison Security Administrator management or equivalent.

Since Plaintiff ignored step (1) and step (2) of the Administrative Remedy procedures, he did not exhaust administrative remedies. DOC inmates are forewarned that they should exhaust administrative remedies before seeking relief outside of DOC. EO 94-19 § 16.4 specifically provides:

> *An inmate should first exhaust the administrative channels in this Chapter in the quest of a resolution of the complaint or grievance before referring it to the Suruhanu or other authorized officials. Inmates are advised that courts frequently; require evidence that administrative remedies have been exhausted before granting relief through such means as habeas corpus.* Id.

Since Plaintiff failed to exhaust administrative remedies this case must be dismissed pursuant to 42 USC § 1997(e).

## VI. Defendants Preserve The Right To Challenge Personal Jurisdiction.

When a plaintiff brings a damages action against government officials in their individual capacities, the plaintiff must effect personal service. Johnston v. Horne, 875 F.2d 1415, 1424. (9th Cir. 1989)(overruled on other grounds.) "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant."

Stafford v. Briggs, 444 U.S. 527, 553 n.5 (1980). In this case, Defendants were not properly served in their official and individual capacities.

Defendants file this motion and accompanying pleadings by way of a special appearance. As such, Defendants are not waiving their right to challenge personal jurisdiction as a result of this motion. Defendants recognize that dismissal in this case may be at any time, before or after service of process and before or after the Defendants answer. *See* Green v. Mc Kaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

**CONCLUSION**

Defendants are making a special appearance to move the Court to dismiss this matter with prejudice. Defendants, in their official capacities, are immune from suit. They also enjoy qualified immunity in their individual capacities. A review of the Complaint's allegations does not reveal any wrongdoing on the part of Defendants. The basis of Plaintiff's complaint is that he was not promoted from Maximum Level 3 to Medium Level 1. One cannot conclude that Defendants deprived Plaintiff of a federal right under color of state law. Under Sandin, *supra*, there is no Due Process Clause violation; violations of state created rules and regulations are not cognizable under 42 USC § 1983; and Plaintiff did not exhaust administrative remedies. Therefore, he is not entitled to bring this action.

/////
/////
/////
/////
/////
/////
/////
/////

Page 11
*Memo of Points & Authorities*
District Court of Guam Civil Case No. 04-00013

Lit/Mitchell/PALAMO.P&A//04.0116:sia

Case 1:04-cv-00013    Document 13    Filed 06/03/2004    Page 11 of 12

Finally, Defendants have not been properly served in either their individual or official capacities. Therefore, Defendants preserve their right to challenge personal jurisdiction and do not waive their challenge to personal jurisdiction by filing this motion.

For the forgoing reasons, the Court must dismiss this action with prejudice for failure to state a cause of action for which relief can be granted under 42 USC § 1983.

Dated this 3rd day of June 2004.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General

By: _____
JAMES T. MITCHELL
Assistant Attorney General