

FILED
DISTRICT COURT OF GUAM
MAY 18 2005
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| VINCENT PALOMO,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK ISHIZAKI, individually and as Director of Corrections; and<br>Captain JESSE TUPAZ, individually and as Acting Superintendent<br><br>    Defendants. | Civil Case No. 04-00013<br><br><br>**ORDER** |

This matter comes before the Court on Defendants' Motion to Dismiss (Docket No. 12). After considering the moving and opposing papers and all relevant law the court makes the following findings:

## STANDARD OF REVIEW

The Ninth Circuit has reviewed the standard for a motion to dismiss for failure to state a claim upon which relief can be granted:

> [A] complaint should not be dismissed under Fed.R.Civ. Pro. 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 533-34 (9th Cir. 1984). "Dismissal "is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Although

"great specificity is ordinarily not required," the plaintiff must nevertheless "set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Shabazz v. Cole,* 69 F. Supp. 2d 177, 185 (D.Mass. 1999). (citations omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn,* 264 F.3rd 817, 821 (9th Cir. 2001).

With respect to a *pro se* litigant's rights to amend his complaint, the Ninth Circuit has held that "unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrections,* 66 F.2d 1050, 1055 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 200)(en banc).

## BACKGROUND

Plaintiff, Vincent Palomo ("plaintiff"), is a prisoner currently incarcerated at the Department of Corrections ("DOC") in Mangilao, Guam.[1] As a prisoner, plaintiff was subject to disciplinary action as a result of misconduct involving violations for threatening serious bodily harm to a corrections officer, insolence towards corrections staff and using obscene or profane language (Compl. at ¶ 6).

Plaintiff later appeared before the Disciplinary Hearing Board ("Board"), to answer for his actions. Plaintiff was afforded the opportunity to cross-examine the witnesses and to call his own, if he so desired. Plaintiff waived his rights to both a hearing and an appeal. He entered a plea of guilty to the charges. As a consequence, plaintiff was ordered to serve a total of ninety (90) days in Disciplinary Segregation. (Compl. at Exhibit A). At a later date, a meeting of the Adjustment and Classification Committee ("ACC") was conducted in the presence of the plaintiff. It was recommended that plaintiff be reclassified from a medium custody classification level 3 to a maximum level 3. Captain Jesse Tupaz[2] followed the recommendation of the ACC and approved the reclassification of plaintiff. A review of the matter was to follow in three weeks. (Compl. at Exhibit C). Plaintiff was placed back in the general population, maximum housing unit.

---

[1] Plaintiff is serving a sentence of Life plus 135 years without the possibility for parole pursuant to convictions for 6 counts of Aggravated Murder, 2 counts of Robbery, Burglary, and 3 counts of Possession and Use of a Deadly Weapon in the Commission of a Felony, in Guam Superior Court, file number CF 170-90.

[2] During the time frame in question Tupaz was serving as the Acting Prison Security Administrator ("P.S.A.") of D.O.C.

Thereafter, the ACC held the three week review hearing which was attended by the plaintiff. The ACC recommended that plaintiff's classification be upgraded to medium level 1. Tupaz reviewed the recommendations of the ACC and "disapproved" reclassification. Tupaz decided that plaintiff's classification was to remain at maximum level 3. (Compl. at Exhibit D).

Plaintiff filed an appeal directly to Frank Ishizaki ("Ishizaki") within the prescribed time frame, but alleges Ishizaki did not respond in a timely fashion. (Compl. at ¶¶ 36,37).[3] Plaintiff filed three subsequent requests concerning his appeal directly with Ishizaki. Ishizaki responded to all three requests, but not to plaintiff's satisfaction.

On March 17, 2004, the plaintiff filed a complaint against defendants Ishizaki, and Tupaz (collectively "defendants") in their respective individual and official capacities.[4] On June 3, 2004, defendants filed the present motion to dismiss. Plaintiff filed an opposition on June 16, 2004, and a subsequent Motion to Vacate Scheduling Conference on June 23, 2004.[5]

## EQUAL PROTECTION ANALYSIS

The Equal Protection clause of the Fourteenth Amendment provides that no state shall "'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially

---

[3] Ishizaki, at the time of the plaintiff's filing, served as Director of DOC

[4] Pursuant to 42 U.S.C. § 1983 the plaintiff alleged the following causes of action:

(1) that defendant Tupaz denied plaintiff's constitutional right to due process of law;

(2) that defendant Tupaz denied plaintiff's constitutional right to due process of law;

(3) that defendant Tupaz violated Executive Order 97-05 § 4.3;

(4) that defendant Ishizaki denied plaintiff's constitutional right to due process of law;

(5) that defendant Ishizaki violated General Order 97-06;

(6) that defendant Ishizaki denied plaintiff's constitutional right to due process of law;

(7) that defendant Ishizaki denied plaintiff's constitutional right to due process of law;

(8) that defendant Ishizaki violated Executive Order 97-05 § 4.3;

(9) that defendant Tupaz denied plaintiff's constitutional right to equal protection of law

(10) that defendant Tupaz violated Executive Order 94-19 § 3.2(a);

(11) that defendants Tupaz and Ishizaki denied plaintiff's constitutional right to due process of law;

Plaintiff prays for injunctive and declaratory relief, and an award of compensatory and punitive damages caused by the defendants' action

[5] Since the date set by the court in its scheduling notice has passed and the motion to dismiss is dispositive as to the case of the plaintiff, the Motion to Vacate Scheduling Conference is moot and will not be considered further.

a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440, 105 S. Ct. 3249 (1985). A class of one plaintiff must allege there is no rational basis for the difference in treatment. The plaintiff must prove that he has suffered intentional, irrational, and arbitrary discrimination. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-5, 120 S.Ct. 1073 (2000). This type of claim is analyzed under a rational basis standard and will not be sustained if there is any set of facts that may be reasonably conceived to justify defendant's acts. *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105 (1961). Further, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See, Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff has failed to state any facts as to how he was treated differently from other similarly situated inmates. On the contrary, he admits that with respect to forensic programming it is not available for maximum level 3 inmates. (Compl. at ¶ 14).

With regard to his claims concerning reclassification, plaintiff has cited the case of only one other inmate, Daniel Turner[6] ("Turner") as evidence of discrimination. Plaintiff's comparison fails, in that he and Turner are not similarly situated. The only thing that they have in common is the fact that they are both subject to lifetime incarceration without the possibility of parole. Turner was disciplined for Interference with Staff, Insolence to Staff, Refusal of a Direct Order, Failure to Perform Assigned Work and Use of Abusive/Profane Language[7] whereas plaintiff actually was found guilty of Threatening Serious Bodily Harm to a Staff member in addition to other violations. Turner received one hundred thirty (130) days disciplinary segregation and was ultimately reclassified from medium level 3 to medium level 1. (Compl. at Exhibit M). Since the fact scenarios that gave rise to the disciplinary actions of Turner and plaintiff are quite different, it is neither surprising nor unreasonable that the subsequent classifications also differ.

---

[6] Turner is serving a sentence of Life plus 25 years without the possibility for parole pursuant to convictions for 5 counts of Aggravated Murder, Robbery, Burglary, and 2 counts of Possession and Use of a Deadly Weapon in the Commission of a Felony, in Guam Superior Court in file numbers CF 145-89 and CF 71-90

[7] Facts surrounding Turner's Discipline indicate that on May 7, 2003 Turner was told to clean out his locker after having been previously told to do so. Turner was reminded to clean his locker, at which time Turner told DOC personel that he would clean it in his "own time." Turner was instructed to clean his locker a third time at which time Turner pointed his fingers at staff and responded "[Expletive] you, you [Expletive] head." (Compl. at Exhibit N)

Secondly, there are several rational bases for the classification of plaintiff, some of which were cited by Tupaz in his disapproval order. These include the "severity of the offense," plaintiff's lack of ability to conform his behavior despite prior forensic classes, and that a promotion in classification was deemed "not conducive to safety, security and good institutional order." All of these justifications are reasonable and rational bases in which to deny reclassification of the plaintiff.

Likewise, plaintiff has failed to allege any facts to provide any evidence of discriminatory intent. Accordingly, the defendants' motion to dismiss as to the alleged Equal Protection violations by each of the defendants is GRANTED and DISMISSED WITH PREJUDICE.

## DUE PROCESS ANALYSIS

The Due Process clause of the constitution protects individuals from government actions that deprive them of life, liberty or property without due process of law. The Due Process clause provides prisoners two separate sources of protection against unconstitutional state disciplinary actions. First, a prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some "unexpected manner." *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Second, a prisoner may challenge a state action which does not restrain a protected liberty interest, but which nonetheless imposes some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

Plaintiffs claim of a loss of liberty interest based on lack of forensic programming in maximum security and the failure of Tupaz to follow the recommendation of the ACC can not be sustained. He has not demonstrated that Tupaz had any duty to approve plaintiff's promotion or that there was a duty on the part of either defendant to maintain rehabilitative programs for maximum security inmates. More importantly, prisoner classifications and eligibility for rehabilitative programs are not entitlements protected by due process. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274 (1976) Further, plaintiff's claimed loss of a liberty interest in the failure of the defendant Ishizaki to provide a timely answer, if any, to his appeal does not satisfy the standards as set forth in *Sandin*, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).

The plaintiff's claims lack the necessary constitutional foundation. His confinement is not extended in an unexpected manner nor is there an imposition of any atypical or significant hardship on the plaintiff. Accordingly, the defendants' motion to dismiss as to the alleged Due Process violations by each of the defendants is GRANTED and DISMISSED WITH PREJUDICE.

## COGNIZABILITY OF VIOLATIONS OF EXECUTIVE AND GENERAL ORDERS

The Court finds that even assuming *arguendo*, that violations of the corresponding Executive and General Orders pursuant to plaintiffs' third, fifth, eighth and tenth[8] causes of action are true, violations of these orders are not cognizable under § 1983. The allegations do not indicate that the actions of the defendant violated a federal constitutional or statutory right, for the reasons previously stated above pursuant to the mandates of *Moody* and *Mann*. Since there is no substantive right to prison grievance procedures, rehabilitative programs or classification level, the failure of prison officials to comply with those procedures, provide the programs or reclassify an inmate is not actionable under § 1983. Accordingly, the defendants' motion to dismiss as to the alleged violations of Executive and General Orders by each of the defendants is GRANTED and DISMISSED WITH PREJUDICE.

## CONCLUSION

Based upon the foregoing, the Court FINDS that no amendment to plaintiff's complaint can cure the defects with regard to his Equal Protection, Due Process and Violation of Executive and General Order Claims. Accordingly, the Court hereby ORDERS that defendant's motion to dismiss be GRANTED and plaintiff's complaint be DISMISSED WITH PREJUDICE[9].

SO ORDERED this 18TH day of May, 2005.

Notice is hereby given that this document was entered on the docket on MAY 18 2005.
No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: _____ MAY 18 2005
Deputy Clerk / Date

HONORABLE ALEX R. MUNSON
United States District Judge

---

[8] Plaintiff's 10th Cause of Action is essentially another equal protection claim that is provided for under EO 94-19 (3.2)(a) which provides "YOU HAVE THE RIGHT to expect that as a human being you be treated respectfully, impartially and fairly by all personnel." Defendant's motion to dismiss is granted for the same reasons as previously stated in the equal protection analysis.

[9] The Court need not address defendant's motion as it relates to the issues of Immunity or Nonexhaustion of Administrative remedies as the Court has already dismissed the matter on other grounds. Likewise, the Court does not address the issue regarding the "special appearance" of the defendants as it is moot based on this Court's disposing of the matter.

* The Honorable Alex R. Munson, United States District Judge for the District of the Northern Mariana Islands, by designation.