ORIGINAL
FILED
DISTRICT COURT OF GUAM
JUN 24 2005
MARY L.M. MORAN
CLERK OF COURT

Vincent Palomo
P.O. Box 3236
Hagåtña, Guam 96932

pro se

# IN THE DISTRICT COURT OF GUAM

VINCENT PALOMO,

        Plaintiff,

vs.

FRANK ISHIZAKI, Director of Corrections;

        &

CAPT. JESSE TUPAZ, Acting Superintendent;

        Defendants.
_____/

Civil Case No. 04-00013

DECLARATION OF
VINCENT PALOMO

I, Vincent Palomo, declare:

1. I am the Plaintiff in the above entitled matter, and that the Honorable Alex R. Munson, United States District Judge, designated Judge of the District Court of Guam, before whom the present action was decided on a Fed. R. Civ. P. Rule 12(b)(6), is biased and prejudiced against me to such an extent that I cannot have fair and impartial proceedings before him.

2. Plaintiff filed a Civil Rights Complaint in the District Court of Guam on 17 March 2004 alleging violations of his due process and equal protection rights by the Defendants and also related pendant claims in this matter.

3. On 3 June 2004, the Defendants filed a 12(b)(6) Motion to Dismiss the complaint on the grounds that the Defendants in their official capacities are immune from suit, were entitled to qualified immunity, that they did not violate any clearly established constitutional or federal statutory rights, and that Plaintiff did not exhaust administrative remedies.

4. An Opposition to Defendants Motion to Dismiss Complaint was filed by the Plaintiff on 16 June 2004 countering all of the Defendant's arguments in their motion to dismiss.

5. No hearings were held nor was any discovery made in this case.

6. The Honorable Alex R. Munson, was the designated Judge in the District Court of Guam, due to the vacant judgeship in that court, when he dismissed Plaintiff's Civil Action with prejudice, the final judgement being filed on 19 May 2005.

7. The term of the previous appointed District Court of Guam Judge, the Honorable John S. Unpingco, expired leaving a vacancy in the judgeship in the District Court of Guam. Plaintiff had no knowledge of who the judges were that were being designated to hear cases pending in that court.

8. To the best of Plaintiff's knowledge and belief, various district court judges of the Ninth Circuit purview, were being assigned on a rotational basis to hear cases in the District Court of Guam.

9. Plaintiff had no knowledge that Judge Munson, Judge of the District Court of the Northern Marianas would be the judge who would make any decisions in his case.

10. Plaintiff was not aware that Judge Munson was temporarily assigned to the District Court of Guam until he received his Judgement of Dismissal.

11. Plaintiff has never had any case before Judge Munson nor does he personally know him.

12. Judge Munson granted Defendants Rule 12(b)(6) motion to dismiss Plaintiff's complaint in an inappropriate manner, by making factual determinations that were not within the purview of the court.

13. Plaintiff's complaint was challenged by the Defendant's on the basis of a Rule 12(b)(6) motion and could not be challenged on its facts, yet that is exactly what Judge Munson did in making a final determination to dismiss Plaintiff's action.

14. Judge Munson's order repeatedly cites Plaintiff's failure to prove his claims, when all that is required of the Plaintiff in his complaint, is to make allegations.

15. The standard applied to Plaintiff's equal protection claim by the court was erroneous. Plaintiff's claim does not involve a challenge to a statute, yet it is treated as such by Judge Munson.

Page 2 of 3

Case 1:04-cv-00013   Document 22   Filed 06/24/2005   Page 2 of 3

16. Judge Munson failed to accord Plaintiff certain presumptions. A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

17. Another presumption that Judge Munson failed to accord the Plaintiff, is that the court should accept the Plaintiff's allegations of facts as true together with such reasonable inferences as may be drawn in his favor. Also, courts must construe pro se pleadings liberally

18. These presumptions which Judge Munson failed to accord Plaintiff, apply with greater force where the complaint is submitted pro se or the plaintiff alleges civil rights violations. Plaintiff in this case is proceeding pro se and has alleged civil rights violations.

19. Plaintiff has appealed Judge Munson's decision to the Ninth Circuit Court of Appeals, and should that court remand Plaintiff's case back to the District Court of Guam for discovery and possible trial, Plaintiff will not have fair and impartial proceedings in this action if the case is before Judge Munson.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters stated on information and belief, which matters I believe to be true.

Dated this 21 day of June, 2005.

*Vincent Palomo*
Vincent Palomo
P.O. Box 3236
Hagåtña, Guam 96932

Page 3 of 3